# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DWAYNE E. CROPPER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 12-969-LPS |
| | : | |
| CARL DANBERG, et al., | : | |
| | : | |
| Defendants. | : | |

Dwayne E. Cropper, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Michael F. McTaggart and Scott W. Perkins, Deputy Attorneys General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendants.

## MEMORANDUM OPINION

January      , 2015
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I.     INTRODUCTION

Plaintiff Dwayne E. Cropper ("Plaintiff"), an inmate housed at the James T. Vaughn

Correctional Center ("VCC") in Smyrna, Delaware, filed this case pursuant to 42 U.S.C. § 1983.

The complaint alleges that Plaintiff suffers from a seizure condition, that Defendants were aware of

the condition, that Plaintiff was improperly assigned top bunks – which resulted in injuries when he

fell from the top bunk on a number of occasions – and that he did not receive medical treatment on

a number of occasions. (*See* D.I. 2)

## II.     BACKGROUND

On July 29, 2014, Plaintiff filed a motion for a preliminary injunction seeking an order that

he be provided with a bottom bunk assignment due to his epileptic condition. (D.I. 57) Plaintiff

states that he is assigned a top bunk and, as a result, since June 17, 2014, he has slept on the floor of

his cell due to his fear of falling from the top bunk. Defendants oppose the motion on the grounds

that Plaintiff cannot meet the requisites for injunctive relief. (D.I. 60)

## III.     LEGAL STANDARDS

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the

plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff;

(3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the

injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d

Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction

inappropriate." *Id.* Because of the intractable problems of prison administration, a request for

injunctive relief in the prison context must be viewed with considerable caution. *See Abraham v.*

*Danberg*, 322 F. App'x 169, 170 (3d Cir. Apr. 24, 2009) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## IV.    DISCUSSION

Plaintiff contends he is assigned a top bunk. Plaintiff states that he suffers from epilepsy and, since June 17, 2014, has slept on the floor of his cell because he is afraid of falling from the top bunk. Plaintiff's motion states that he has been "waiting for [his] grievances to be heard about why there's no memo in his file, knowing what happen[ed] on November 18, 2011." (D.I. 57 Ex. A) As alleged in the Complaint, Plaintiff was injured on November 18, 2011 when he fell from the top bunk.

James Scarborough ("Scarborough"), the Deputy Warden of Program Administration at the VCC, states that bunks are assigned based upon security classifications and available space. (D.I. 60 Ex. Scarborough Aff. at ¶ 3) Special requests for a particular bunk are not granted absent a security or medical need. (*Id.*) When an inmate believes that he has a medical need that requires a bottom bunk, he must either submit a sick call slip and request that the health care provider recommend a bottom bunk assignment or submit a medical grievance. (*Id.* at ¶ 4)

Scarborough reviewed Plaintiff's file and found that he had been provided a medical memorandum for bottom bunk status but that the memorandum expired in October 2012. (*Id.* at ¶ 5) The memorandum indicated that a bottom bunk was required based upon Plaintiff's chronic back pain, flat feet, problems with balance, and unsteady gait. (*Id.* at Ex. 1) It made no mention of epilepsy.

According to Scarborough, since June 17, 2014, Plaintiff has been housed in a cell that has a raised bed, not a top bunk. (*Id.* at Scarborough Aff. ¶ 7) On June 17, 2014, Plaintiff submitted a medical grievance for renewal of the medical memorandum. (*Id.* at Ex. 2) The matter was set for a

2

hearing, but Plaintiff did not appear and the matter was considered abandoned. (*Id.*) Plaintiff has the option of submitting a renewed grievance for a bottom bunk assignment. (*Id.* at Scarborough Aff. at ¶ 9) In addition, Scarborough raised Plaintiff's request at an August 6, 2014 operations meeting and, it is his understanding, the contract healthcare provider is looking into the situation. (*Id.* at ¶ 10)

The record reflects that Plaintiff is not assigned to a top bunk, but is assigned to a raised bed. In addition, while Plaintiff had been assigned a bottom bunk in the past, there is no indication that he sought a renewed medical memorandum from the medical department when he received his new cell assignment in June. Notably, the record reflects that Plaintiff abandoned his quest for a bottom bunk, having failed to appear for a hearing on the grievance he submitted for a renewed medical memorandum. Hence, the record does not demonstrate a likelihood of success on the merits. Moreover, while Plaintiff has a medical condition and may need a bottom bunk for his safety, the record does not reflect that Plaintiff sustained any injuries other than when he fell in November 2011, nearly three years ago, and there is no indication at the present time that he is in danger of suffering irreparable harm. Plaintiff's request goes directly to the manner in which the Delaware Department of Correction operates it prison, and an injunction would substantially harm the defendants. *See Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997). Additionally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of the prison system. *See id.* Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief. Therefore, the Court will deny his motion.

3

## V. CONCLUSION

For the above reasons, the court will deny the motion for a preliminary injunction (D.I. 57).

An appropriate Order follows.